People of the State of Illinois v. Aday, Aday, Larry D., Case No. 5-1-395. My name is Gary Peterson. I'm an assistant appellant defense here on behalf of the petitioner, and I'm going to be speaking in title, Petition for Relief from MSR. The issue is whether the dismissal on the merits within 30 days is premature. And the answer to that question depends on whether the defendant's petition is cognizable as a petition for relief from judgment. And my argument in that regard is simple and straightforward. MSR is part of the judgment. So in essence, the defendant's petition for relief from MSR was a petition for relief from judgment. I think this argument has support in the fact that the Illinois courts have traditionally given pro se pleadings a liberal interpretation. Now, this issue is complicated by the fact that it appears from the record that the petition was not served on the stage by certified mail as required by the Supreme Court rules. The Fourth District considered an almost identical situation in Powell v. Duellen, and they held that the remedy was to remand the case to the trial court to give the defendant a reasonable time to obtain service on the state. In making that ruling, the Fourth District noted its disagreement with the Second District opinion in People v. NIST, in which the court held that the remedy was to modify the judgment order to reflect the dismissal without prejudice. Now, in preparing for our argument yesterday, I shepherdized these cases, and I found that two more recent cases have discussed this conflict between Powell and NIST. Now, these cases aren't cited in the brief, and I gave counsel a copy of the cases this morning. One's out of the Fifth District, People v. Duellen. The other's out of the Second District, People v. Pratt. And I proposed, when I get back to the office, to file a motion to file supplemental authority, which will allow the state an opportunity to respond. They will have ten days to respond. For these reasons, I would ask this court to vacate the judgment and remand this case with directions to give the defendant a reasonable time to obtain service on the state and allow these proceedings to continue. Thank you. Thank you, counsel. In this case, the defendant pled guilty in 1999. He filed a motion to withdraw a guilty plea, and that was denied. He took a direct appeal, which was dismissed. Thirteen years later, from the date of his guilty plea, in July 26, 2012, he files a pleading called Petition for Relief of Mandatory Supervised Reliefs. Now, the court below long ago lost jurisdiction to entertain a pleading unless the defendant could bring it under certain circumstances. And the issue turns on whether the court below characterized this as a petition for relief from judgment or did not. That's the way the defendant is styling the issue. And the point is that any late filed pleading is going to be attacking a judgment. The fact that the mandatory supervised relief was part of the judgment, it really just begs the question, because any late filed pleading is going to be attacking a judgment. In this case, there's no indication in the record that the defendant filed a Section 2-1401 petition. He doesn't mention 2-1401 in the pleading itself in any place. By contrast, in Keener v. The City of Heron, which the people cited, the plaintiff did in fact, in their late filed motion to reconsider, did in fact mention that they were seeking relief under 2-1401. In this pleading, nothing mentions 2-1401. The petition in its form and in the manner that it was served and in the time it was filed complies with nothing that is required of a 2-1401 pleading. There's no affidavit attached. It's not served with proper notice, and it doesn't ask for relief under that act. There's no indication in the record that the court below did anything but dismiss a pleading that it had no jurisdiction to rule upon. However well-intentioned courts like to be and give leeway to pro se defendants, nonetheless, this falls way outside. You can't recharacterize something that it does not purport to be to call it a 2-1401 petition. That was the court's rationale in Keener. But the court itself dismissed this pleading within 25 days, and there's nothing in the dismissal that recharacterizes it as a 2-1401 petition. And the court was without authority to dismiss, sua sponte, a 2-1401 petition. It's short of 30 days. I mean, that's a fact. And presumably the court knew that. The court was dismissing a pleading that it had no jurisdiction to entertain. So the court, I mean, there's nothing in the record to show that the court below thought it was a 2-1401 petition. There's nothing in the form and substance of the pleading to indicate that it was a 2-1401 petition. The court, therefore, had the authority to dismiss a pleading that attacked the merits of a judgment over which it had lost jurisdiction over 12 years. And for that reason, unless there are any questions, I ask this court to affirm the circuit court's dismissal. Thank you, counsel. Thank you. Rebuttal. Kerner v. City of Heron, cited by the state. The issue involved a motion to reconsider, which was filed more than 30 days after judgment. And the court held, the appellate court held that the final court did not have jurisdiction to consider a motion to reconsider after 30 days. On the other hand, Section 214.01, the two-year period within which to file a petition, is not a jurisdictional prerequisite. It's an affirmative defense that must be raised by the state, and it's referred to as a statute of limitations. I would cite this court's opinion in People v. Smith, 386 Illinois Appellate 3rd, 473. Thank you. Thank you, counsel. This will be taken under advisory. You'll be notified of our work. Thank you. You're excused. And the court will stand at recess now until next session. Thank you.